UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EUGENE HENDERSON,

    Defendant.

Case No. CR05-5159FDB

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court is the motion of Defendant Eugene Henderson to dismiss with prejudice the superseding indictment in this case. Defendant is charged with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. Defendant contends that his two prior convictions do not qualify as predicate offenses under § 922(g)(1) because he did not receive sentences in excess of one year.

I.

The basis for this federal firearm prosecution is Defendant's two prior Washington state law convictions, possession of cocaine in violation of R.C.W. § 69.50.401(d) and conspiracy to deliver cocaine in violation of R.C.W. § 69.50.407. The first crime is punishable by a sentence of not more than five years and the second crime is punishable by a sentence of not more than ten years.

ORDER - 1

Pursuant to Washington's mandatory sentencing guidelines, however, Defendant's maximum potential sentence for the first charge was six months and his maximum potential sentence for the second charge was twelve months. The actual sentences Defendant received were two months and five months, respectively, which ran concurrently.

## II.

Defendant argues that his state convictions do not fall within the scope of § 922(g)(1) convictions "punishable by a term of imprisonment exceeding one year," because the sentencing court had no authority to sentence him to any term above the standard range unless it found that there was a basis for an "exceptional sentence." The sentencing court was legally precluded from imposing longer sentences because to do so, it would have had to find facts beyond those agreed to by Defendant or proven to a jury, a procedure subsequently declared unconstitutional in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Thus, because his standard range under the Washington state sentencing guidelines capped out at less than twelve months, Defendant argues he was not convicted of crimes "punishable by a term exceeding one year" within the meaning of § 922(g)(1). The Court does not agree.

The criminal statutes under which Defendant was convicted are, by definition under both state and federal law, felony offenses "punishable by a term exceeding one year," and thus may serve as predicate offenses under § 922(g)(1). Defendant would have the Court retroactively apply *Blakely* to his prior convictions to "reclassify" these criminal statutes. The Court is not convinced that *Blakely* was meant to be used for this purpose. *Blakely* is meant to ensure that the maximum sentence a court may impose for a crime is the maximum term that may be imposed based solely upon the facts established by a guilty verdict (or conceded in a plea agreement). *Blakely*, 124 S.Ct. at 2537. *Blakely* does not, however, retroactively, change the *nature* of the criminal statutes.

Of equal concern to the Court is the equal protection problems that such a retroactive application of *Blakely* would cause. Defendants sentenced to less than one year for "crimes

ORDER - 2

punishable for a term exceeding one year" would be considered felons subject to prosecution under § 922 if they reside in states with indeterminate sentencing schemes not impacted by *Blakely*, while defendants residing in Washington and other states with similar sentencing guidelines would not. Such a result is untenable. A straightforward and logical reading of the language of § 922 leads to the conclusion that the focus of the section must be on the *potential* punishment for the underlying crime, not the punishment actually received.

Therefore, because the criminal statutes under which Defendant was convicted are classified as felony offenses punishable by at least one or more years in prison, Defendant is a convicted felon subject to prosecution under 18 U.S.C. § 922(g)(1).

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss indictment (Dkt.# 40) is **DENIED**.

DATED this 16th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3